IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE TUGGLE, | ) | FILED: JULY 21, 2008 |
| | ) | |
| Plaintiff, | ) | No. 08 cv 4118 |
| | ) | JUDGE ZAGEL |
| v. | ) | MAGISTRATE JUDGE NOLAN |
| | ) | JH |
| KRAFT FOODS GLOBAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**(Civil Rights and Employment Discrimination)**

**Introduction**

1.      Plaintiff Valerie Tuggle seeks redress for violations of her civil rights.  This case is brought for relief pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 and the Equal Pay Act of 1963, 29 U.S.C. §206.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

**Jurisdiction**

2.      Jurisdiction of this Court is provided by 28 U.S.C. §1331 and §1343.

3.      Venue is proper in this judicial district because the Defendant resides in this district, and all of the events giving rise to Plaintiff's claims occurred in this district.

**The Parties**

4.      Plaintiff Valerie Tuggle ("Tuggle") is an African-American female.  Plaintiff is employed by Kraft Foods Global, Inc. as a engineer at the Claussen Pickle Company in Woodstock, IL.

5.      Defendant Kraft Foods Global, Inc. ("Defendant") is a Delaware Corporation doing business in the State of Illinois.

6.      At all relevant times, Defendant has been continuously engaged in an industry affecting

commerce and has employed more than fifteen employees.

**Facts Upon Which Claims Are Based**

7.      In December, 2006, a Kraft employee told Plaintiff to "splatter your black self on the wall." Plaintiff promptly complained to HR personnel, Michael Brown, Glenda O'Brien – Plant Manager, and her immediate supervisor Kevin Montgomery about the incident.

8.      In April, 2007, Plaintiff's supervisor, Mr. Kevin Montgomery, placed her on a 90 day Performance Improvement Plan ("PIP"). It is believed that Mr. Montgomery placed Plaintiff on a 90 day "PIP" as a punishment for reporting the incident set forth in paragraph 7.

9.      Because Plaintiff was placed on the PIP, she was denied a promotion and/or an opportunity for any promotions anywhere within Kraft to the position of Project Change Manager.

10.     In September, 2007, Kevin Montgomery gave Plaintiff an unjust written warning threatening her with a negative performance rating.

11.     In December, 2007, Kevin Montgomery made discriminatory comments during a one-on-one review meeting including: "as a woman, you do not belong in maintenance" and "you don't belong in this culture."

12.     Plaintiff is the only African-American or female engineer at the facility, and is the only African-American who works in production at this plant.

13.     Plaintiff immediately complained to upper management and Human Resources. Mr. Montgomery was aware of the complaint.

14.     Later in December, 2007, Kevin Montgomery gave Plaintiff a negative performance rating on her year-end evaluation. As a result of the low rating, Plaintiff did not receive a year-end incentive bonus.

15. In January, 2008, Plaintiff's year end evaluation was submitted late by Mr. Montgomery, which resulted in her not receiving a normal merit increase.

16. Also in January, 2008, Plaintiff was assigned a new manager, Andres Ruiz.

17. In February, 2008, and after her re-assignment to a new manager, Plaintiff learned that she would no longer have any employees directly reporting to her (previously she had 11 subordinates). Plaintiff also learned that her roles and responsibilities had been diminished.

18. Also, in February, 2008, Plaintiff was informed that she would not be receiving an incentive pay award.

19. Plaintiff was told in February, 2008 by Virginia Hicks, an employee in Human Resources, and by the Plant Manager Glenda O'Brien that they did not foresee a future for Plaintiff within Kraft.

20. In April, 2008, Plaintiff was not allowed to interview for a six month temporary position within the Shipping and Receiving Department for which Plaintiff is qualified. The position was given to a male Hispanic employee.

21. In April, 2008, Kevin Montgomery, motivated by sexism, race prejudice and retaliation, made a complaint about Plaintiff to Plaintiff's new manager, Andres Ruiz. Because of this complaint, Plaintiff was sent home for the day.

22. In June, 2008, Plaintiff's hours were changed causing hardship on Plaintiff.

23. On or about July 10, 2008, Plaintiff was informed that she would be required to do "quality audits," one on one, with Kevin Montgomery even though Plaintiff had filed a charge of discrimination and retaliation as a result of Mr. Montgomery's remarks and behavior toward Plaintiff.

24. Because Plaintiff was afraid for her physical safety and feared harassment from Mr.

Montgomery, Plaintiff requested that she do audits with someone else.

25. On July 14, 2008, Plaintiff was told by Human Resources that her request was denied.

26. Plaintiff has complained about the discrimination that she has encountered at Kraft on several occasions, including but not limited to:

    a. Making a complaint of race discrimination to Human Resources, Plant Manager- Glenda O' Brien, and Kevin Montgomery in December, 2006.

    b. Making a complaint of discrimination to Glenda O'Brien, an in house Human Resources employee, and Corp Human Resources in December, 2007.

    c. Filing a charge of discrimination with the EEOC in December, 2007.

    d. Making a complaint to the company's compliance officer in January, 2008.

    e. Making a complaint to the company's compliance officer in April, 2008.

27. Plaintiff receives less pay than similarly situated non African American employees who perform the same work.

28. Plaintiff has pending EEOC charges for sex discrimination, race discrimination, and retaliation.

## COUNT I
**(Race Discrimination/Retaliation - §1981)**

29. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by:

    a. discriminating against her on the basis of her race;

    b. racially harassing her; and

    c. retaliating against her;

30. The actions of the Defendant against Plaintiff constitute racial discrimination in employment in violation of 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

31.     The actions of the Defendant in intentionally discriminating against Plaintiff because of her race have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, lost future earning capacity, and other consequential damages.

32.     The actions of the Defendant was intentional, willful, and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

WHEREFORE Plaintiff respectfully requests:

A.      All wages and benefits she would have received but for the discrimination, including pre-judgment interest;

B.      Compensatory damages in an amount in excess of $50,000;

C.      Punitive damages in an amount in excess of $50,000;

D.      An award of attorney's fees and all costs and expenses of this litigation; and

E.      Such other relief as law and justice allow.

## COUNT II
### (Wage Discrimination Equal Pay Act)

33.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 28.

34.     Defendant Kraft pays Plaintiff less than male co-workers for equal work that required equal skill, effort, and responsibility and which are performed under similar working conditions.

35.     Defendant Kraft's actions constitute violations of the Equal Pay Act of 1963, 29 U.S.C. §206 (d) (1).

WHEREFORE PLAINTIFF respectfully requests:

A. Compensatory damages for back pay;

B. Liquidated damages in the amount equal to the unpaid wages;

B. An award of attorney fees and all costs and expenses of this litigation; and

C. Such other relief as law and justice require.

Respectfully submitted,

/s/ Edward T. Stein

Edward T. Stein

Date:   July 21, 2008

Edward T. Stein
LAW OFFICES OF EDWARD T. STEIN
200 S. Michigan, Suite 1240
Chicago, IL  60604
(312) 786-0200
ATTORNEY FOR PLAINTIFF